

# NUMBER 13-17-00444-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**PHILLIP LONGORIA,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 25th District Court
### of Gonzales County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Phillip Longoria appeals from his conviction for third-degree felony assault family violence by impeding breathing or the circulation of blood by applying force or pressure to the neck or throat. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West, Westlaw through 2017 1st C.S.). A jury found Longoria guilty of the offense. Upon the recommendation of the jury, the trial court sentenced Longoria to ten years in prison,

probated with community supervision and a $10,000 fine. Longoria filed a motion for new trial that was overruled by operation of law.

Determining that there are no meritorious claims for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court as modified.

## I. Compliance with *Anders*

Pursuant to *Anders v. California,* Longoria's counsel filed a brief stating that, after a review of the record, he "does not believe there is an arguable issue attacking the judgment of conviction or the length of sentence." *See* 386 U.S. 738, 744–45 (1967). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, Longoria's counsel has discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error, and in his opinion, there are no arguable issues on appeal. *See* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has demonstrated that he has complied with the requirements of *Anders*

2

by (1) examining the record and finding no arguable grounds to advance on appeal, (2) notifying Longoria that counsel has filed an *Anders* brief and a motion to withdraw, (3) providing Longoria with a copy of the motion and the appellate brief, (4) informing Longoria of his right to review the record, to file a pro se response, and to seek discretionary review if the court of appeals concludes that the appeal is frivolous, and (5) providing Longoria with a form motion for pro se access to the appellate record, lacking only Longoria's signature and the date and including the mailing address for this Court, with instructions to file the motion within ten days.[1]   *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

On July 9, 2018, we received and filed Longoria's amended pro se response with exhibits and his supplemental response with exhibit.   Longoria complains that the evidence does not show that he choked or strangled the complainant and that counsel provided ineffective assistance.   He also asserts that a deadly-weapon finding of the trial court, a finding that was stricken from the judgment, "impeded [his] chance at a fair trial" and that he was wrongly denied a veteran's trial.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record, counsel's motion to withdraw and

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

his appellate brief, and Longoria's amended and supplemental pro se responses with exhibits, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

We note that the judgment on the jury verdict of guilty incorrectly identifies the foreman of the jury as Ella Matlock and the attorney for the State as Paul Watkins, but the record shows the foreman as Robert Rinehart and the State's attorneys as Keri Miller and Imogene Boak. Accordingly, we modify the judgment to reflect the correct names. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) ("Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment.") (citations omitted). We affirm the judgment as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on March 21, 2018.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Longoria and to advise Longoria of his right to pursue a petition for review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2018.

---

[2] No substitute counsel will be appointed.  Should Longoria wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See id.* R. 68.4.